# U.S. District Court
## Southern District of Ohio (Columbus)
## CIVIL DOCKET FOR CASE #: 2:20-cv-02284-EAS-KAJ

Bookmyer v. PNC Bank N.A. et al                    Date Filed: 05/05/2020
Assigned to: Judge Edmund A. Sargus                Jury Demand: Plaintiff
Referred to: Magistrate Judge Kimberly A. Jolson   Nature of Suit: 890 Other Statutory Actions
Demand: $9,999,000                                 Jurisdiction: Federal Question
Cause: 28:1331 Fed. Question

**Plaintiff**

**William Bookmyer**                  represented by   **James Edward Arnold**
                                                       Arnold & Clifford LLP
                                                       115 West Main Street
                                                       4th Floor
                                                       Columbus, OH 43215
                                                       614-460-1600
                                                       Fax: 614-469-1066
                                                       Email: jarnold@arnlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Damion M Clifford**
                                                       Arnold & Clifford LLP
                                                       115 W. Main Street
                                                       Suite 400
                                                       Columbus, OH 43215
                                                       614-460-1635
                                                       Fax: 614-469-1093
                                                       Email: dclifford@arnlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Gerhardt A Gosnell , II**
                                                       Arnold & Clifford LLP
                                                       115 W. Main Street
                                                       Suite 400
                                                       Columbus, OH 43215
                                                       614-460-1608
                                                       Fax: 614-469-1093
                                                       Email: ggosnell@arnlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Tiffany L. Carwile**
                                                       Arnold & Clifford LLP
                                                       115 West Broad Street, 4th Floor
                                                       Columbus, OH 43215
                                                       614-460-1600
                                                       Fax: 614-469-1134
                                                       Email: tcarwile@arnlaw.com
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

Bookmyer & Associates CPA, Inc.

represented by **James Edward Arnold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Alex Boytan

represented by **James Edward Arnold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Boytan & Associates, LLP

represented by **James Edward Arnold**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

PNC Bank N.A.

**Defendant**

The Huntington National Bank, N.A.

represented by **Harold T Schisler , II**
Dinsmore & Shohl - 1
1900 Chemed Center
255 E 5th Street
Cincinnati, OH 45202
513-977-8200
Email: toby.schisler@dinsmore.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine P. Golin**
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
212-403-1118
Fax: 212-403-2118
Email: epgolin@wlrk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin M. Jonke**
Wachtell, Lipton, Rosen & Katz
51 W. 52nd St.
New York, NY 10019
212-403-1181
Fax: 212-403-2181
Email: kmjonke@wlrk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fifth Third Bank N.A.**

<u>Defendant</u>

**CME Federal Credit Union**

<u>Defendant</u>

**ABC Banks 1-100**

<u>Defendant</u>

**Bank of America, N.A.**

<u>Defendant</u>

**Bluevine Capital Inc.**

<u>Defendant</u>

**Celtic Bank**

<u>Defendant</u>

**JP Morgan Chase Bank, N.A.**

<u>Defendant</u>

**Kabbage, Inc.**

<u>Defendant</u>

**Radius Bank**

<u>Defendant</u>

**TD Bank, N.A.**

<u>Defendant</u>

**Telhio Credit Union**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2020 | 1 | COMPLAINT with JURY DEMAND against All Defendants ( Filing fee $ 400 paid - receipt number: 0648-7452920), filed by William Bookmyer. (Attachments: # 1 Exhibit A - CME email, # 2 Exhibit B - PPP Lender Information Sheet, # 3 Exhibit C - PPP Deck, # 4 Civil Cover Sheet) (Arnold, James) (Entered: 05/05/2020) |
| 05/06/2020 | 2 | ORDER OF RECUSAL. Magistrate Judge Elizabeth Preston Deavers recused. Case reassigned to Magistrate Judge Chelsey M. Vascura for all further proceedings. Signed by Magistrate Judge Elizabeth Preston Deavers on 5/6/2020. (sln) (Entered: 05/06/2020) |
| 05/18/2020 | 3 | WAIVER OF SERVICE Returned Executed. Waiver sent to Fifth Third Bank N.A. on 5/11/2020, answer due 7/10/2020. (Arnold, James) (Entered: 05/18/2020) |
| 05/21/2020 | 4 | WAIVER OF SERVICE Returned Executed. Waiver sent to PNC Bank N.A. on 5/11/2020, answer due 7/10/2020. (Arnold, James) (Entered: 05/21/2020) |
| 05/28/2020 | 5 | WAIVER OF SERVICE Returned Executed. Waiver sent to The Huntington National Bank, N.A. on 5/11/2020, answer due 7/10/2020. (Arnold, James) (Entered: 05/28/2020) |
| 06/02/2020 | 6 | NOTICE of Appearance by Harold T Schisler, II for Defendant The Huntington National Bank, N.A. (Schisler, Harold) (Entered: 06/02/2020) |

| 06/02/2020 | 7 | MOTION for Leave to Appear Pro Hac Vice (Filing fee of $200 paid, receipt number 0648-7491067) of Elaine P. Golin by Defendant The Huntington National Bank, N.A.. (Attachments: # 1 Exhibit A--Certificate of Good Standing) (Schisler, Harold) (Entered: 06/02/2020) |
| 06/03/2020 | | NOTATION ORDER: The Motion for Admission Pro Hac Vice of Elaine P. Golin is **GRANTED** . By Magistrate Judge Chelsey M. Vascura on 6/3/2020. (daf) (Entered: 06/03/2020) |
| 06/03/2020 | 8 | MOTION for Leave to Appear Pro Hac Vice (Filing fee of $200 paid, receipt number 0648-7492846) of Kevin M. Jonke by Defendant The Huntington National Bank, N.A.. (Attachments: # 1 Exhibit A--Certificate of Good Standing) (Schisler, Harold) (Entered: 06/03/2020) |
| 06/04/2020 | 9 | AMENDED COMPLAINT against All Defendants, filed by William Bookmyer, Bookmyer & Associates CPA, Inc., Alex Boytan, Boytan & Associates, LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Arnold, James) (Entered: 06/04/2020) |
| 06/05/2020 | | NOTATION ORDER: The Motion for Admission Pro Hac Vice of Kevin M. Jonke is **GRANTED** . By Magistrate Judge Chelsey M. Vascura on 6/5/2020. (daf) (Entered: 06/05/2020) |
| 06/05/2020 | 10 | ORDER OF RECUSAL. Magistrate Judge Chelsey M. Vascura recused. Case reassigned to Magistrate Judge Kimberly A. Jolson for all further proceedings. Signed by Magistrate Judge Chelsey M. Vascura on 6/5/2020. (agm) (Entered: 06/05/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/09/2020 14:37:08 | | |
| **PACER Login:** | cp1103:2806490:0 | **Client Code:** 214018 |
| **Description:** | Docket Report | **Search Criteria:** 2:20-cv-02284-EAS-KAJ |
| **Billable Pages:** | 3 | **Cost:** 0.30 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

WILLIAM BOOKMYER                        :
7588 Cook Road                          :
Powell, Ohio 43065                      :
                                        :
   and                   :       Case No. 2:20-cv-02284
                                        :
BOOKMYER & ASSOCIATES CPA, INC.         :
7588 Cook Road                          :
Powell, Ohio 43065                      :
                                        :
   and                   :       JUDGE EDMUND A. SARGUS
                                        :
ALEX BOYTAN                             :
7216 Marylebury Square                  :       MAGISTRATE JUDGE
New Albany, Ohio  43054                 :       CHELSEY M. VASCURA
                                        :
   and                   :
                                        :
BOYTAN & ASSOCIATES, LLP                :       **JURY DEMAND ENDORSED HEREON**
800 Cross Pointe Road, Suite B          :
Gahanna, Ohio 43230                     :
                                        :
     Plaintiffs, :
                                        :
    v.              :
                                        :
PNC Bank, N.A.                          :
222 Delaware Avenue                     :
Wilmington, Delaware 19899              :
                                        :
   and                   :
                                        :
The Huntington National Bank, N.A.      :
17 South High Street                    :
Columbus, Ohio 43215                    :
                                        :
   and                   :
                                        :
Fifth Third Bank, N.A.                  :
38 Fountain Square Plaza                :
Cincinnati, Ohio 45263                  :

            and                                :
                                                  :

CME Federal Credit Union            :
150 East Mound Street              :
Columbus, Ohio 43215              :
                                                  :
            and                                :
                                                  :

Bank of America, N.A.             :
100 North Tryon Street            :
Charlotte, North Carolina 28255   :
                                                  :
            and                                :
                                                  :

Bluevine Capital Inc.             :
1209 Orange Street               :
Wilmington, Delaware 19801     :
                                                  :
            and                                :
                                                  :

Celtic Bank                      :
268 South State Street, Suite 300  :
Salt Lake City, Utah 84111      :
                                                  :
            and                                :
                                                  :

JP Morgan Chase Bank, N.A.     :
1111 Polaris Parkway             :
Columbus, Ohio 43240              :
                                                  :
            and                                :
                                                  :

Kabbage, Inc.                  :
251 Little Falls Drive             :
Wilmington, Delaware 19808     :
                                                  :
            and                                :
                                                  :

Radius Bank                     :
One Harbor Street               :
Boston, Massachusetts 02210    :
                                                  :
            and                                :
                                                  :

TD Bank, N.A.                              :
2035 Limestone Road                       :
Wilmington, Delaware 19808                :
                                          :
        and                               :
                                          :
Telhio Credit Union                       :
96 North 4th Street                       :
Columbus, Ohio 43215                      :
                                          :
        and

ABC Banks 1-100,

        Defendants.

## FIRST AMENDED
## CLASS ACTION COMPLAINT

Now comes Plaintiffs, William Bookmyer, Bookmyer & Associates, CPA Inc., Alex Boytan, and Boytan & Associates LLP (collectively, "Plaintiffs"), in their individual and representative capacity, and for their Complaint against Defendants (collectively, "Defendants") hereby state the following:

## INTRODUCTION &
## BACKGROUND TO THE PAYROLL PROTECTION PROGRAM

1.      On March 25, 2020, in response to the outbreak of the coronavirus ("COVID-19"), the federal government enacted emergency legislation to enable small businesses to continue employing and paying their employees by creating the Payroll Protection Program ("PPP"), which provides federally guaranteed loans to make payroll expenses for two months. The PPP is contained within sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). To fund the PPP, Congress approved an initial $349 billion for the program.

2. On April 24, 2020, the federal government added an additional $310 billion to the PPP through the Paycheck Protection Program and Health Care Enhancement Act.

3. The PPP is a temporary program under the Small Business Administration's ("SBA") 7(a) Loan Program. The PPP permits the SBA to guarantee 100 percent of 7(a) loans and provides forgiveness of up to the full principal amount of any qualifying loan. Small business owners apply for a PPP loan through existing SBA-approved Lenders ("Lenders") or through any federally insured deposit institution. The PPP also delegates authority to Lenders to provide relief expeditiously.

4. The CARES Act provides that the Administrator of the SBA "shall reimburse a lender" for processing the loans. 15 U.S.C. § 636(a)(36)(P)(i). This reimbursement shall be made not later than five days after the disbursement of the PPP loan. *Id.* at § 636(a)(36)(P)(iii).

5. Lenders are to be reimbursed the following amounts per loan: Five percent (5%) for loans of not more than $350,000; three percent (3%) for loans of more than $350,000 and less than $2 million; and one percent (1%) for loans of at least $2 million. *Id.* at § 636(a)(36)(P)(i).

6. The CARES Act also authorizes the payment of a fee to "agents" who assist eligible recipients in preparing their PPP loan application in an amount that is not in excess of the limits established by the Administrator. *Id.* at § 636(a)(36)(P)(ii).

7. On April 15, 2020, the Administrator issued the Interim Final Rule (the "Rule") regarding the PPP loans. Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120). The Rule provides that agent fees "*will be paid by the Lender* out of the fees the Lender receives from SBA." *Id.* at 20,816 (emphasis added). The Rule also specifically provides that agents "may not collect fees from the borrower or be paid out of the PPP loan proceeds." *Id.* Thus, per the

combined effect of the CARES Act and the Rule, agents who assist applicants in preparing their PPP loan can only be paid, and must be paid, a fee by the Lender out of the fees that the Lender itself receives for processing the PPP loans.

8.      Under the Rule, the total amount that an agent shall receive from the Lender "for assistance in preparing an application for a PPP loan" is as follows:  Up to one percent (1%) for loans of not more than $350,000; a half of a percent (.5%) for loans of more than $350,000 and less than $2 million; and a quarter of a percent (.25%) for loans of at least $2 million.  *Id.*

9.      Despite these clear instructions that Lenders are to pay the agent fees—and despite requests by the agents to the Lenders to be paid their fees—Defendant Lenders have unlawfully withheld those fees from the agents and have instead kept the funds intended for the agents for themselves.

10.      Indeed, Defendant PNC has openly and brazenly announced that it will not pay agents the fees they are due, despite the mandate of the Rule.  *See* PNC Website, https://www.pnc.com/en/customer-service/paycheck-protection-program.html  ("PNC will not pay Agents for assistance they may provide an applicant in obtaining a PPP loan.").

11.      In an email to Plaintiff Bookmyer, Defendant CME Credit Union said that it "is not planning on paying for any [agent] services involve in the PPP application process," and instead, directs agents to seek the fees from the borrowers—contrary to the law.  A copy of this email is attached as Exhibit A.

12.      Defendant Huntington Bank says it will have to look into the matter, despite the mandate from the SBA that Lenders are to pay agents from the Lender fees received from the SBA.

13.     Defendant Lenders have no legal authority under the CARES Act to deny the agents' fees due and owing to them by the CARES Act and the Rule.

14.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, against Defendant Lenders for violations of the CARES Act, the SBA's 7(A) loan program, 15 U.S.C. § 636(a), and 13 C.F.R. part 120, and for unjust enrichment and conversion under Ohio law.

## JURISDICTION

15.     This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

16.     This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) the claims of the proposed Class exceed $5,000,000; (2) at least one member of the class of Plaintiffs is a citizen of a State different from at least one Defendant; and (3) the proposed Plaintiff Class consists of more than 100 members.

17.     This Court has supplemental jurisdiction under 28 U.S. § 1367(a) over the state-law claims, as all claims relate to the same case and controversy.

18.     This Court has personal jurisdiction over Defendants because Defendants do business in this District and a substantial number of the events giving rise to the claims took place in Ohio.

19.     A substantial part of the events or acts giving rise to the claims herein occurred within this District; and therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

20.    Plaintiff William R. Bookmyer ("Plaintiff Bookmyer") is a certified public accountant who resides at 7588 Cook Road, Powell, Ohio.

21.    Plaintiff Bookmyer & Associates, CPA Inc. ("Plaintiff Bookmyer & Associates") is a professional association incorporated in the State of Ohio.

22.    Plaintiff Alex Boytan ("Plaintiff Boytan") is a certified public accountant who resides at 7216 Marylebury Square, New Albany, Ohio.

23.    Plaintiff Boytan & Associates LLP ("Plaintiff Boytan & Associates") is a limited liability partnership organized in the State of Ohio.

24.    Defendant PNC Bank, N.A. ("PNC") is a national bank with its main office in Wilmington, Delaware.  PNC conducts substantial business in the State of Ohio.

25.    Defendant The Huntington National Bank ("Huntington") is a national bank with its main office in Columbus, Ohio.

26.    Defendant Fifth Third Bank, N.A. ("Fifth Third") is a national bank with its main office in Cincinnati, Ohio.

27.    Defendant CME Federal Credit Union ("CME Credit") is a federally chartered credit union with its main office in Columbus, Ohio.

28.    Defendant Bank of America, N.A. ("Bank of America") is a national bank with its main office in Charlotte, North Carolina.  Bank of America conducts substantial business in the State of Ohio.

29.    Defendant Bluevine Capital Inc. ("Bluevine") is a corporation incorporated in the State of Delaware.  Bluevine conducts substantial business in the State of Ohio.

30.     Defendant Celtic Bank ("Celtic") is a state-chartered bank with its main office in Salt Lake City, Utah.  In junction with Bluevine, Celtic conducts substantial business in the State of Ohio.

31.     Defendant JP Morgan Chase Bank, N.A. ("Chase") is a national bank with its main office in Columbus, Ohio.

32.     Defendant Kabbage, Inc. ("Kabbage") is a corporation incorporated in the State of Delaware.  Kabbage conducts substantial business in the State of Ohio.

33.     Defendant Radius Bank ("Radius") is an online, community bank with its main office and headquarters in Boston, Massachusetts.  Radius conducts substantial business in the State of Ohio.

34.     Defendant TD Bank, N.A. ("TD") is a national bank with its main office in Wilmington, Delaware.  TD conducts substantial business in the State of Ohio.

35.     Defendant Telhio Credit Union ("Telhio") is a state chartered credit union with its main office in Columbus, Ohio.

36.     Upon information and belief, Defendants ABC Banks 1-100 are banks and other financial institutions that participated as Lenders in the PPP and refused to pay agents the required agent fee; the names and addresses of which are unknown at this time and could not be reasonably ascertained and/or discovered prior to the filing of this complaint.

## FACTS

37.     Plaintiff Bookmyer owns Bookmyer & Associates CPA, Inc., an accounting firm with its principal place of business in Powell, Ohio.

38.     Between March 31, 2020 and April 27, 2020, Plaintiff Bookmyer prepared and submitted PPP loan applications on behalf of small businesses.

39.     Of the loans he prepared, the Lenders and SBA approved six loans, which ranged from $47,900 to $199,200.  The small businesses received their loan proceeds on April 24, 2020.

40.     In May 2020, Plaintiff Bookmyer submitted requests for agent fees to Defendant Huntington Bank, Defendant CME Credit, and Defendant Fifth Third, three of the Lenders of the PPP loans received by the small businesses.

41.     Upon receipt of Plaintiff Bookmyer's request for agent fees, a representative from Defendant Huntington Bank said that he would have to look into the matter.

42.     After receiving Plaintiff Bookmyer's request for agent fees, Chris Simmons, the Vice President of Specialized Lending for Defendant CME Credit Union, stated that he had not heard anything about agent fees and that "CME is not planning on paying for any CPA services involved in the PPP application process."  He further stated that "billing would be between you and your client."  *See* Exhibit A.

43.     Plaintiff Bookmyer has yet to receive a response from Defendant Fifth Third.

44.     Plaintiff Bookmyer has not submitted a request for agent fees to Defendant PNC because it has publicly stated that it refuses to pay agent fees, and as such, demand for payment to PNC is futile.

45.     In order to prepare and submit the loan applications, Plaintiff Bookmyer spent numerous hours reviewing the CARES Act and PPP loan provisions and preparing and submitting applications.

46.     As part of the application process, Plaintiff Bookmyer assisted each of the applicants in gathering and analyzing documents, making the necessary calculations, and preparing and submitting the applications.

47.     During the time that Plaintiff Bookmyer was preparing and submitting PPP applications, he did not and could not pursue other non-PPP business for which he could have billed those clients.

48.     Plaintiff Boytan owns Boytan & Associates LLP, an accounting firm with its principal place of business in Gahanna, Ohio.

49.     Between March 2020 and the present, Plaintiff Boytan prepared and submitted PPP loan applications on behalf of small businesses.

50.     Of the loans he prepared, the Lenders and SBA approved seventy five (75) loans, which ranged from $1,166 to $1,671,990.  The small businesses received their loan proceeds between April 6, 2020 and May 28, 2020.

51.     In June 2020, Plaintiff Boytan submitted requests for agent fees to Defendants Bank of America, Bluevine, Chase, Fifth Third, Huntington, Kabbage, Radius, TD, and Telhio, nine of the Lenders of the PPP loans received by the small businesses.

52.     Plaintiff Boytan has not yet received a response to his requests for payment from Defendant Lenders.

53.     Plaintiff Boytan has not submitted a request for agent fees to Defendant PNC because it has publicly stated that it refuses to pay agent fees, and as such, demand for payment to PNC is futile.

54.     In order to prepare and submit the loan applications, Plaintiff Boytan spent numerous hours reviewing the CARES Act and PPP loan provisions and preparing and submitting applications.

55.     As part of the application process, Plaintiff Boytan assisted each of the applicants in gathering and analyzing documents, making the necessary calculations, and preparing and submitting the applications.

56.     During the time that Plaintiff Boytan was preparing and submitting PPP applications, he did not and could not pursue other non-PPP business for which he could have billed those clients.

57.     Under 13 C.F.R. 103.1(a), an agent "means an authorized representative including an attorney, accountant, consultant, packager, Lender service provider, or any other individual or entity representing an Applicant or Participant by conducting business with SBA." Conducting Business with the SBA includes preparing and submitting an application for financial assistance of any kind on behalf of an applicant. *Id.* at 103.1(b).

58.     Under the Code, a "packager" is a person "who prepares the Applicant's application for financial assistance and is employed and compensated by the Applicant." *Id.* at 103.1(A)(2).

59.     Based on these Code provisions, the U.S. Department of the Treasury provided guidance to Lenders through its "Paycheck Protection Program (PPP) Information Sheet— Lenders," ("Information Sheet"), a copy of which is attached as Exhibit B.[1] With regard to agents, the Treasury Department's Information Sheet stated the following: "An agent is an authorized representative and can be:

- An attorney;
- An accountant;
- A consultant;

---

[1] The Information Sheet is available at https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

- Someone who prepares and applicant's application for financial assistance and is employed and compensated by the applicant;
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or litigating SBA loans;
- A loan broker; or
- Any other individual or entity representing an applicant by conducting business with the SBA."

60.     The Treasury Department's Information Sheet also stated that "Agent fees *will be paid* out of Lender fees. The Lender *will pay* the agent." *See* Ex. B. (emphasis added).

61.     Pursuant to 13 C.F.R. 103.1 and the Treasury Department's guidance, Plaintiffs Bookmyer and Boytan are agents for the small businesses applicants when they prepared and submitted the small businesses' PPP loan applications.

62.     Despite the requirements in the Rule and the Treasury Department's guidance that the Lender must pay the agent fees out of the fees that the Lender receives from the SBA, Defendants have failed and/or refused and continue to refuse to pay Plaintiffs Bookmyer and Boytan their authorized agent fees. Furthermore, based on information and belief, Defendants have refused and continue to refuse to pay any agents the authorized agent fees.

63.     Nothing in the CARES Act, 13 C.F.R. part 120, or the Rule allows the Lenders to withhold agent fees from agents, and instead, simply keep the fees to enrich themselves. To the contrary, Defendants are required under the CARES Act and the Rule to pay agents as specified in the Act and Rule.

64.     The purpose and motivation behind Defendants' practices are readily apparent. By refusing to pay agent fees to the actual agents, Defendants kept tens of millions of dollars for themselves, to which they are not entitled, and thus, deprived Plaintiffs of their property.

65.     Defendants' actions violate the Rule, which provides that agent fees "*will be paid by the Lender.*" Indeed, the SBA has specifically provided that an agent "may not collect fees

from the borrower or be paid out of the PPP loan proceeds." Thus, if Defendant Lenders are permitted to withhold the amount due to agents, including Plaintiffs Bookmyer and Boytan, then the agents cannot and will not be compensated for the hours spent assisting small businesses. Such a result would be inconsistent with the very purpose of the CARES Act, which specifically provided that agents will obtain fees for assisting small businesses in applying for PPP loans.

66. Nationally, as of April 16, 2020, the SBA had approved 1,661,367 PPP loans for a total disbursement of $342,277,999,103. Of this amount, $109,248,146,436 was for loans under $350,000; $137,816,394,260 was for loans between $350,000 and $2 million; and, $95,213,458,407 was for loans above $2 million.[2]

67. The potential withheld agent fees for all loans under $350,000 is $1,092,481,464.36. The potential withheld agent fees for all loans between $350,000 and $2 million is $689,081,971.30. And the potential withheld agent fees for all loans over $2 million is $238,033,646.12.

68. Thus, upon information and belief, on a nationwide basis, Lenders, including Defendant Lenders, may have withheld upwards of over **$2 billion** from authorized agents, many of whom are *themselves* part of small businesses, and who remain uncompensated for the time they spent helping other small businesses apply for PPP loans.

69. As of April 16, 2020, the SBA has approved 59,800 PPP loans in Ohio, for a total disbursement of $14,108,889,927. *See* Ex. C.

70. Based on the authorized percentages for agent fees, the potential withheld agent fees for Ohio PPP loans is between $35 million and $141 million.

---

[2] These figures were obtained from the SBA's website. A copy of the document is attached as Exhibit C, and is available at https://www.sba.gov/sites/default/files/2020-04/PPP%20Deck%20copy.pdf.

71.     As a result of Defendants' conduct, Plaintiffs Bookmyer and Boytan have suffered financial harm, wrongfully lost the opportunity to collect compensation, and generally lost economic opportunities to conduct business.

72.     Defendants and other Lenders should not be permitted to keep millions and perhaps billions of dollars for work that was performed by others who expected payment from the Lenders under the CARES Act as specified by the SBA.

## CLASS ACTION ALLEGATIONS

73.     Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

74.     Plaintiffs, in accordance with Rule 23(b) of the Federal Rules of Civil Procedure, bring this action on behalf of themselves and as members of the Class defined below.

75.     Plaintiffs seek to represent a nationwide Class comprised of all individuals and entities who

    a.  are an agent under 13 C.F.R. 103.1;

    b.  prepared and/or submitted approved loan applications on behalf of small businesses under the PPP between March 25, 2020, and June 30, 2020;

    c.  submitted a request for payment of the authorized agent fees to Defendant Lenders or were simply not paid at all for the fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Interim Final Rule; and

    d.  have been denied their agent fee from Defendants.

76.     To the extent that a nationwide Class is not certified and in the alternative, Plaintiffs seek to represent a statewide Class comprised of all individuals and entities in Ohio who

      a.   are an agent under 13 C.F.R. 103.1;

      b.   prepared and/or submitted approved loan applications on behalf of small businesses under the PPP between March 25, 2020, and June 30, 2020;

      c.   submitted a request for payment of the authorized agent fees to Defendant Lenders or were simply not paid at all for the fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Interim Final Rule; and

      d.   have been denied their agent fee from Defendants.

77.    The following are excluded from the Class and/or Subclass: (a) any Judge or Magistrate presiding over this action and members of their families; (b) the officers, directors, or employees of Defendants; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

78.    The Class and/or Subclass is so numerous that joinder of all members is impracticable.

79.    There are questions of law and fact common to the Class and/or Subclass. These common questions include, but are not limited to, whether Defendants wrongful withheld agent fees from authorized representatives in violation of federal and state law.

80.    The claims of Plaintiffs, which arise out of Defendants' withholding of agent fees to authorized representatives of PPP loan applicants, are typical of the claims of the Class and/or Subclass members. Likewise, Defendants' defenses to Plaintiffs' claims would be typical of the defenses to the Class and/or Subclass claims.

81.    Plaintiffs will fairly and adequately represent and protect the interest of the Class and/or Subclass. Plaintiffs are articulate and knowledgeable about their claims and fully able to describe them. There are no conflicts of interest between Plaintiffs with respect to the interests

of the Class and/or Subclass members. Plaintiffs, like the Class and/or Subclass members, have suffered financial loss as a result of Defendants' acts. Plaintiffs have sufficient financial resources to litigate this case and further the interests of the Class and/or Subclass without compromising them.

82. Counsel for Plaintiffs are well-suited to represent their interests and the interests of the Class and/or Subclass at large. Counsel includes James E. Arnold, Damion M. Clifford, Gerhardt A. Gosnell II, and Tiffany L. Carwile (Arnold & Clifford, LLP). The combined experience and areas of professional concentration of these attorneys are well-suited to representation of the interests of the Class and/or Subclass. All these lawyers practice complex civil litigation and are experienced in class action litigation.

83. Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure. Prosecuting separate actions would create a risk of adjudications with respect to individual Class and/or Subclass members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

84. Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendants will continue to commit the alleged violations, and the members of the Class and/or Subclass will continue to be unfairly denied compensation to which they are entitled to under the PPP and the CARES Act. Defendants have acted and refused to act on grounds that apply generally to the Class and/or Subclass so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class and/or Subclass as a whole.

16

85.     Class certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The questions of law or fact common to the members of the Class and/or Subclass, described above, predominate over any questions affecting only individual members.

86.     This Court is an appropriate forum for the litigation of the Class and/or Subclass claims.

<u>**Count I**</u>
**Violations of the CARES Act**
**(Against All Defendants)**

87.     Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

88.     The CARES Act provides a stimulus package in response to the COVID-19 pandemic and includes the PPP, which provides assistance to small businesses seeking to maintain payroll and other authorized expenses.

89.     There is an implied cause of action arising under the CARES Act.

90.     The CARES Act, along with the SBA's Rule on the PPP, provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

91.     In flagrant disregard for the law, Defendants have failed and/or refused to pay the agent fees to the Borrowers' authorized representatives, and instead, kept the fees to enrich themselves.

92.     Plaintiffs and Class and/or Subclass members are agents under the regulatory provisions for the PPP loan applicants and they are entitled to payment from the Lenders as set forth in the CARES Act and the Rule.

93. Nevertheless, Defendants refused to pay Plaintiffs and Class and/or Subclass members the authorized agent fees.

94. As a direct and proximate result of Defendants' failure and/or refusal to comply with the CARES Act and the Rule, Plaintiffs and Class and/or Subclass members have suffered damages in excess of $5 million.

<u>**Count II**</u>
**Violations of the SBA's 7(a) Loan Program, 15 U.S.C. § 636(a)**
**(Against All Defendants)**

95. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

96. The PPP is part of the SBA's 7(a) loan program, which is designed to assist small businesses to obtain financing.

97. There is an implied cause of action arising under the SBA's 7(a) loan program as applied through the CARES Act.

98. The Rule on the PPP provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

99. In flagrant disregard for the law, Defendants have failed and/or refused to pay agent fees to Plaintiffs and other Class and/or Subclass members, and instead, have kept the fees to enrich themselves.

100. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs and Class and/or Subclass members have suffered damages in excess of $5 million.

**Count III**
**Conversion**
**(Against All Defendants)**

101.    Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

102.    Plaintiffs and the Class and/or Subclass members have an ownership and right to possession of the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

103.    Defendants wrongfully have exercised dominion and control over Plaintiffs and the Class and/or Subclass members' property, specifically their agent fees.

104.    Defendants' continued exercise of dominion and control over Plaintiffs and the Class and/or Subclass members' agent fees is inconsistent with his right of ownership to those same agent fees.

105.    Plaintiffs and the Class and/or Subclass members have demanded that Defendants pay the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

106.    Despite requests by Plaintiffs and the Class and/or Subclass members, Defendants have failed and/or refused to pay the agent fees and instead, have wrongfully kept the agent fees for their own personal gain.

107.    Defendants' actions were intentional, willful, reckless, and were committed with actual malice.

108.    As a direct and proximate result of Defendants' conduct, Plaintiffs and Class and/or Subclass members have suffered damages in excess of $5 million.

### Count IV
### Unjust Enrichment
### (Against All Defendants)

109.    Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

110.    Plaintiffs and the Class and/or Subclass members further state that Defendants have been unjustly enriched at Plaintiffs and the Class and/or Subclass members' expense, as Plaintiffs and the Class and/or Subclass members worked to prepare and/or submit PPP loan applications on behalf of small businesses, all in reliance upon the requirement that Defendants would remit to Plaintiffs and the Class and/or Subclass members the agent fees authorized by the CARES Act and the Rule.

111.    Defendants were aware that Plaintiffs and the Class and/or Subclass members were conferring a benefit upon them by preparing PPP loan application for small businesses that participated in the small business loan program under the CARES Act.

112.    Defendants' continued retention of the agent fees due and owing to Plaintiffs and the Class and/or Subclass members would be unjust without requiring Defendants to pay Plaintiffs and the Class and/or Subclass members the amounts due to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

113.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class and/or Subclass members have suffered damages in excess of $5 million.

### Prayer for Relief

**Wherefore,** Plaintiffs and the Class and/or Subclass pray as follows:

A.      Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiffs as the Class and/or Subclass representative, and counsel for Plaintiffs as Class and/or Subclass Counsel;

B.      Direct Defendants to make available to Plaintiffs and the Class and/or Subclass all of the rights and benefits under the CARES Act and its regulations;

C.      Award damages, including compensatory, exemplary, punitive, and statutory damages, to Plaintiffs and the Class and/or Subclass in an amount to be determined at trial, for the acts complained of herein;

D.      Award Plaintiffs and the Class and/or Subclass their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

E.      Award Plaintiffs and the Class and/or Subclass pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

F.      Grant all other and further relief to which Plaintiffs and the Class and/or Subclass are entitled by law or in equity as may be determined by the Court to be just, equitable, and proper.

Respectfully submitted,

/s/ James E. Arnold
James E. Arnold        (0037712)
Damion M. Clifford     (0077777)
Gerhardt A. Gosnell II (0064919)
Tiffany L. Carwile     (0082522)

ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio  43215
Ph:      (614) 460-1600
Email: jarnold@arnlaw.com
         dclifford@arnlaw.com
         ggosnell@arnlaw.com
         tcarwile@arnlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

/s/ James E. Arnold
James E Arnold

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2020 a true and accurate copy of Plaintiffs' First Amended Complaint was filed with the Court using the Clerk of Court's electronic filing system, which will send notice of this filing to all parties that have entered an appearance in this matter.

*/s/ James E. Arnold*_____
James E Arnold



**From:** Chris Simmons <csimmons@cmefcu.org>
**Sent:** Monday, May 4, 2020 11:25 AM
**To:** 'William Bookmyer' <wbookmye@columbus.rr.com>
**Subject:** RE: As Time Permits

We have not employed your firm as an agent and do not have an agreement for your services (like we do for our technology company and forms vendor).  The PPP application process does not specify that work must be completed by a CPA.

Thanks,
Chris

**From:** William Bookmyer <wbookmye@columbus.rr.com>
**Sent:** Monday, May 4, 2020 11:14 AM
**To:** Chris Simmons <csimmons@cmefcu.org>
**Subject:** RE: As Time Permits

---

The e-mail below is from an external source. Please do not open attachments or click links from an unknown or suspicious origin.

Chris,

Thank you for the reply, it is appreciated.  I have attached the PPP Lender Information sheet provided by the SBA and I highlighted the section that indicates CPA's are not allowed to bill client's for the work and must be paid by the lender's.  Thank you again for your time.

Bill

**From:** Chris Simmons <csimmons@cmefcu.org>
**Sent:** Monday, May 4, 2020 10:55 AM
**To:** 'William Bookmyer' <wbookmye@columbus.rr.com>
**Subject:** RE: As Time Permits

Good morning,



EXHIBIT

A

We have not heard of this and CME is not planning on paying for any CPA services involved in the PPP application process. It would seem that they billing would be between you and your client.

Thanks,
Chris

**Chris Simmons**
**Vice President of Specialized Lending**
CME Federal Credit Union | 150 E. Mound Street, Suite 100 | Columbus, OH 43215
Ph: 614.396.4583 | Cell: 614.425.7310 | Fax: 614.222.3191 | Email: csimmons@cmefcu.org



---

**From:** William Bookmyer <wbookmye@columbus.rr.com>
**Sent:** Monday, May 4, 2020 10:26 AM
**To:** Chris Simmons <csimmons@cmefcu.org>
**Subject:** As Time Permits

---

The e-mail below is from an external source. Please do not open attachments or click links from an unknown or suspicious origin.

Hello,

I am the CPA for Dr. Brian house and I assisted him with the PPP applications for Inner Health Chiropractic, Inc., Inner Health Chiropractic North, LLC, and Excellence Enterprises Inc. According to the PPP rules I am not allowed to bill the businesses for my time in working on the PPP application and I have to be paid by the bank. Do you know if CME has established a procedure for this? When you have time, please let me know how to proceed to receive the payment for the services provided. Thank you.

Bill Bookmyer

## PAYCHECK PROTECTION PROGRAM (PPP) INFORMATION SHEET

### LENDERS

**Who is eligible to lend?**  All existing SBA-certified lenders will be given delegated authority to speedily process PPP loans.

All federally insured depository institutions, federally insured credit unions, and Farm Credit System institutions are eligible to participate in this program.

- New lenders that are federally insured depository institutions, federally insured credit unions, or Farm Credit System institutions will need to submit their application to DelegatedAuthority@sba.gov to apply.

Non-bank and non-insured depository institution lenders can also begin making loans as soon as they are approved and enrolled in the program.

- New lenders that are non-bank or non-insured depository institution lenders will need to submit their application to NFRLApplicationForPPP@sba.gov to apply.

**Are these loans guaranteed by the SBA?**  Yes, the SBA guarantees 100% of the outstanding balance, and that guarantee is backed by the full faith and credit of the United States.

**Are there guarantee fees?**  The SBA waives all SBA guaranty fees, including the upfront and annual servicing fees.

**What underwriting is required?**  As explained in the PPP Interim Final Rule, you will need to confirm receipt of borrower certifications; confirm receipt of information demonstrating that a borrower had employees for whom the borrower paid salaries and payroll taxes on or around February 15, 2020; confirm the dollar amount of average monthly payroll costs; and follow applicable Bank Secrecy Act requirements.  Lenders are permitted to rely on borrower certifications and representations as explained in the PPP Interim Final Rule and FAQ guidance.

**How will lenders be compensated?**  Processing fees will be based on the balance of the financing outstanding at the time of final disbursement.  SBA will pay lenders fees for processing PPP loans in the following amounts:

- Five (5) percent for loans of not more than $350,000;
- Three (3) percent for loans of more than $350,000 and less than $2,000,000; and
- One (1) percent for loans of at least $2,000,000.

Lenders may not collect any fees from the applicant.

**Who can be an agent?**  An agent is an authorized representative and can be:

- An attorney;
- An accountant;
- A consultant;
- Someone who prepares an applicant's application for financial assistance and is employed and compensated by the applicant;
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or



EXHIBIT

B

litigating SBA loans;
- A loan broker; or
- Any other individual or entity representing an applicant by conducting business with the SBA.

**How will agents be compensated?**  Agent fees will be paid out of lender fees. The lender will pay the agent.  Agents may not collect any fees from the applicant. The total amount that an agent may collect from the lender for assistance in preparing an application for a PPP loan (including referral to the lender) may not exceed:

- One (1) percent for loans of not more than $350,000;
- 0.50 percent for loans of more than $350,000 and less than $2 million; and
- 0.25 percent for loans of at least $2 million.

**Can these loans be sold in the secondary market?**  PPP loans can be sold in the secondary market.  The SBA will not collect any fee for any guarantee sold into the secondary market.

Please refer to the PPP Interim Final Rule and FAQ guidance for the most comprehensive and up-to-date guidance on this program.



# Paycheck Protection Program (PPP) Report

Approvals through 12 PM EST
4/16/2020



# Summary

| Loan Count | Net Approved Dollars | Lender Count |
|---|---|---|
| 1,661,367 | $342,277,999,103* | 4,975 |

*Net Approved Dollars do not reflect the amount required for reimbursement to lenders per statute within the CARES Act.

**Approvals through 4/16/20**

# States and Territories

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| AK | 4,842 | $921,927,504 |
| AL | 27,922 | $4,862,690,120 |
| AR | 21,754 | $2,722,726,557 |
| AS | 2 | $419,583 |
| AZ | 19,280 | $4,846,959,062 |
| CA | 112,967 | $33,413,693,192 |
| CO | 41,635 | $7,392,960,359 |
| CT | 18,435 | $4,151,934,451 |
| DC | 3,253 | $1,247,218,727 |
| DE | 5,171 | $1,090,415,848 |
| FL | 88,997 | $17,863,199,837 |
| GA | 48,332 | $9,464,475,442 |
| GU | 508 | $102,418,346 |
| HI | 11,553 | $2,046,450,982 |
| IA | 29,424 | $4,315,688,444 |
| ID | 13,627 | $1,850,034,026 |
| IL | 69,893 | $15,972,578,071 |
| IN | 35,990 | $7,491,445,351 |
| KS | 26,245 | $4,288,652,108 |
| KY | 23,797 | $4,149,467,684 |

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| LA | 26,635 | $5,100,534,501 |
| MA | 46,937 | $10,360,907,178 |
| MD | 26,068 | $6,537,733,687 |
| ME | 14,993 | $1,944,425,549 |
| MI | 43,438 | $10,381,310,070 |
| MN | 46,383 | $9,014,060,040 |
| MO | 46,481 | $7,547,822,023 |
| MP | 56 | $12,619,835 |
| MS | 20,748 | $2,481,000,606 |
| MT | 13,456 | $1,470,300,136 |
| NC | 39,520 | $8,005,752,270 |
| ND | 11,002 | $1,548,384,035 |
| NE | 23,477 | $2,988,890,489 |
| NH | 11,582 | $2,006,858,477 |
| NJ | 33,519 | $9,527,794,260 |
| NM | 8,277 | $1,424,408,711 |
| NV | 8,674 | $2,013,939,889 |
| NY | 81,075 | $20,345,681,101 |
| OH | 59,800 | $14,108,889,927 |
| OK | 35,557 | $4,615,708,450 |

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| OR | 18,732 | $3,806,104,476 |
| PA | 69,567 | $15,697,648,689 |
| PR | 2,856 | $658,573,638 |
| RI | 7,732 | $1,335,777,801 |
| SC | 22,933 | $3,807,578,397 |
| SD | 11,324 | $1,369,616,339 |
| TN | 34,035 | $6,542,045,089 |
| TX | 134,737 | $28,483,710,273 |
| UT | 21,257 | $3,695,399,459 |
| VA | 40,371 | $8,721,170,223 |
| VI | 240 | $62,242,612 |
| VT | 6,983 | $1,000,127,478 |
| WA | 30,421 | $6,959,680,159 |
| WI | 43,395 | $8,317,705,842 |
| WV | 7,861 | $1,351,223,328 |
| WY | 7,618 | $837,018,372 |

**Approvals through 4/16/20**

# Loan Size

| Loan Size | Approved Loans | Approved Dollars | % of Count | % of Amount |
|---|---|---|---|---|
| $150K and Under | 1,229,893 | $58,321,791,761 | 74.03% | 17.04% |
| >$150K - $350K | 224,061 | $50,926,354,675 | 13.49% | 14.88% |
| >$350K - $1M | 140,197 | $80,628,410,796 | 8.44% | 23.56% |
| >$1M - $2M | 41,238 | $57,187,983,464 | 2.48% | 16.71% |
| >$2M - $5M | 21,566 | $64,315,474,825 | 1.30% | 18.79% |
| >$5M | 4,412 | $30,897,983,582 | 0.27% | 9.03% |

- Overall average loan size is $206K.

**Approvals through 4/16/20**

SBA

# Industry by NAICS Subsector

| NAICS Subsector Description | Approved Loans | Approved Dollars | % of Amount |
|---|---|---|---|
| Construction | 177,905 | $44,906,538,010 | 13.12% |
| Professional, Scientific, and Technical Services | 208,360 | $43,294,713,938 | 12.65% |
| Manufacturing | 108,863 | $40,922,240,021 | 11.96% |
| Health Care and Social Assistance | 183,542 | $39,892,493,481 | 11.65% |
| Accommodation and Food Services | 161,876 | $30,500,417,573 | 8.91% |
| Retail Trade | 186,429 | $29,418,369,063 | 8.59% |
| Wholesale Trade | 65,078 | $19,489,410,472 | 5.69% |
| Other Services (except Public Administration) | 155,319 | $17,707,077,167 | 5.17% |
| Administrative and Support and Waste Management and Remediation Services | 72,439 | $15,285,814,286 | 4.47% |
| Real Estate and Rental and Leasing | 79,784 | $10,743,430,227 | 3.14% |
| Transportation and Warehousing | 44,415 | $10,598,076,231 | 3.10% |
| Finance and Insurance | 60,134 | $8,177,041,995 | 2.39% |
| Educational Services | 25,198 | $8,062,652,288 | 2.36% |
| Information | 22,825 | $6,675,630,276 | 1.95% |
| Arts, Entertainment, and Recreation | 39,670 | $4,939,280,138 | 1.44% |
| Agriculture, Forestry, Fishing and Hunting | 46,334 | $4,374,343,877 | 1.28% |
| Mining | 11,168 | $3,894,793,207 | 1.14% |
| Public Administration | 5,570 | $1,197,353,586 | 0.35% |
| Management of Companies and Enterprises | 3,211 | $1,170,748,130 | 0.34% |
| Utilities | 3,247 | $1,027,575,137 | 0.30% |

**Approvals through 4/16/20**

SBA

# PPP Lenders – Highest Approved Dollars

| Lender | Approved Loans | Approved Dollars | Average Approved Size |
|---|---|---|---|
| 1 | 27,307 | $14,071,396,427 | $515,304 |
| 2 | 32,097 | $10,309,843,746 | $321,209 |
| 3 | 21,062 | $9,612,090,368 | $456,371 |
| 4 | 33,594 | $7,778,303,458 | $231,538 |
| 5 | 27,929 | $6,555,028,971 | $234,703 |
| 6 | 25,820 | $6,114,676,731 | $236,819 |
| 7 | 26,238 | $6,057,787,355 | $230,878 |
| 8 | 10,681 | $4,406,088,115 | $412,516 |
| 9 | 14,215 | $4,356,840,783 | $306,496 |
| 10 | 9,457 | $4,267,336,254 | $451,236 |
| 11 | 12,001 | $4,190,129,500 | $349,148 |
| 12 | 25,151 | $3,889,799,524 | $154,658 |
| 13 | 9,673 | $3,392,990,074 | $350,769 |
| 14 | 10,642 | $2,978,045,260 | $279,839 |
| 15 | 40,746 | $2,966,427,908 | $72,803 |

**Approvals through 4/16/20**