**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

**IN RE:** Paycheck Protection Program   :   MDL Docket No. 2950
("PPP") Agent Fees Litigation   :

**INTERESTED PARTY RESPONSE OF**
**WILLIAM BOOKMYER, BOOKMYER & ASSOCIATES CPA, INC.,**
**ALEX BOYTAN AND BOYTAN & ASSOCIATES, LLP**

## I. INTRODUCTION

Pursuant to Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Interested Parties William Bookmyer, Bookmyer & Associates CPA, Inc., Alex Boytan and Boytan & Associates, LLP (collectively, "Bookmyer"), plaintiffs in the related action *William Bookmyer, et al. v. PNC Bank, N.A., et al.*, Ohio S.D. Case No. 2:20-cv-02284 (the "*Bookmyer* Action"), hereby submits this Interested Party Response.

Bookmyer agrees that consolidation is warranted for the reasons set forth in the Motion for Consolidation filed by the Movant. Bookmyer, however, submits this response: (1) to inform the Panel that Northern District of Georgia Judge Leigh Martin is not a viable transferee due to her recusal in the *Aliant* Action, and that the judge reassigned the *Aliant* Action, the Honorable Michael L. Brown, is not an appropriate transferee given his limited judicial experience and the burdens placed on him with his current docket; and (2) to suggest that the Panel should transfer this matter to the Southern District of Ohio, and in particular to Chief Judge Algenon L. Marbley or the Honorable Edmund A. Sargus.

## II. RESPONSE

### A. The Related Actions should not be transferred to the Northern District of Georgia, Honorable Michael L. Brown.

Eleven days after the Movants filed their Motion to Consolidate with the Panel, Judge May filed her Order of Recusal in the *Aliant* Action. *See Aliant* Action, Doc. # 21 (June 1, 2020).

1

The *Aliant* Action was reassigned to the Honorable Michael L. Brown. *Id.* Bookmyer respectively submits that at this stage in his tenure on the bench, Judge Brown is not an appropriate transferee judge for two important reasons: (1) he has limited complex civil litigation experience, and (2) he is saddled with the largest backlog of motions pending for more than six months in the nation.

First, Judge Brown has been a federal district court judge for less than 2 ½ years. Prior to assuming the bench in late January 2018, Judge Brown had no prior judicial experience, and the vast majority of his legal experience involved criminal and government investigation matters.[1] Unfortunately, given his limited tenure on the bench and his lack of complex civil litigation experience, Judge Brown is not an ideal candidate at this time to preside over an MDL of this complexity.

Second, in part due to inheriting an extensive legacy docket, Judge Brown is burdened with significant docket pressures and demands. According to the latest Civil Justice Reform Act Report of Motions Pending Over Six Months for the Period Ending September 2019, Judge Brown leads the nation in the number of civil motions that have been pending for more than six months.[2] Given this backlog of cases and motions, adding the demands of an MDL of this type to his docket would only exacerbate the burden on an already overburdened new judge.

**B. The Southern District of Ohio is an Appropriate Transferee Forum for this Case.**

The objectives of 28 U.S.C. § 1407 would be best served by sending the MDL to the Southern District of Ohio. Bookmyer further suggests that both Chief Judge Algenon L. Marbley

---

[1] https://www.fjc.gov/history/judges/brown-michael-lawrence; https://en.wikipedia.org/wiki/Michael_Lawrence_Brown.
[2] See https://www.uscourts.gov/sites/default/files/data_tables/cjra_8_0930.2019.pdf at pp. 2,318-2,355; *see also* https://www.law.com/dailyreportonline/2019/11/21/us-judge-in-atlanta-leads-nation-in-motions-pending-more-than-six-months/ (copy attached hereto as Ex. A).

and Judge Edmund A. Sargus, who is currently presiding over the *Bookmyer* Action, are particularly well-suited to preside over this MDL.

First, the Southern District of Ohio (Columbus Division) is a convenient and economical forum. It is centrally located, readily accessible to the rest of the nation, and cost-effective to visit for the litigants and counsel. Columbus is served by the John Glenn International Airport, located only six miles from downtown Columbus and the Joseph P. Kinneary Courthouse. Travel times from the airport to the federal courthouse in Columbus are approximately 15 to 30 minutes depending on the time of day.

Second, the Southern District of Ohio has the necessary experience and qualifications to handle an MDL. Historically, the Southern District of Ohio has hosted 20 MDLs.[3] The District currently has only two pending MDLs, both before Judge Sargus.[4] Two MDLs assigned to the district have been terminated in the prior two years, making it underutilized currently.[5]

Third, the Southern District of Ohio is the current venue of two pending Paycheck Protection Program "agent fee" class actions involving 15 different defendant banks - the *Bookmyer* Action and *David S. Lowry, CPA, Ltd. v. U.S. Bancorp*, SD Ohio Case No. 1:20-cv-00348 (J. Matthew W. McFarland). The filing of these cases in the Southern District of Ohio reflect the fact that the district has a strong connection to the banking industry, including many of the defendant banks, both national and regional in scope.

---

[3] https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2019.pdf.
[4] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2020.pdf.
[5] https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2019.pdf.

Columbus, Ohio, is the headquarters of Huntington National Bank, the fourth most active SBA lender bank.[6] Columbus is the site of JP Morgan Chase's largest facility in the world, and Chase employs more than 19,200 employees in Columbus.[7] Columbus is also the location of a significant regional office of PNC Bank, and nearby Cincinnati is the headquarters of Fifth Third Bank.

While all of the active-duty judges in the Southern District of Ohio with the necessary experience to preside over an MDL (which includes Chief Judge Marbley and Judges Sargus, Michael Watson, and Timothy Black) would be appropriate, both Chief Judge Marbley and Judge Sargus are particularly suited to preside over this MDL.

Chief Judge Marbley has served over 22 years on the federal bench, with extensive civil litigation experience prior to his appointment. He is an adjunct professor of trial advocacy at The Ohio State University College of Law and an instructor of trial advocacy at Harvard University Law School. While he has never presided over an MDL, he most certainly has the necessary "time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007).

Finally, Judge Sargus is a well-respected and experienced MDL judge. During his nearly 24 years of service on the federal bench, he has presided over three MDLs. MDL No. 1315 (SmarTalk TeleServices, Inc., SEC) (terminated 2008), MDL Case No. 2433 (E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation); MDL Case No. 2846 (Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation). While two of these MDLs remain pending before him, MDL Case No. 2433 (C-8 Personal Injury Litigation) appears near

---

[6] https://www.sba.gov/article/2020/mar/02/100-most-active-sba-7a-lenders.
[7] https://careers.jpmorgan.com/us/en/about-us/locations/columbus.

completion and may even be resolved and/or returned to the Panel by the time the Panel rules on this matter. Even if he is not personally assigned this MDL, Judge Sargus would prove to be a valuable source of information and counsel for Judge Marbley and/or any other Southern District of Ohio judge assigned this MDL.

In short, Chief Judge Marbley and Judge Sargus have the experience, temperament, and skill to effectively manage and supervise this MDL action.

### III.  CONCLUSION

Interested Party Bookmyer supports consolidation. Bookmyer also submits that the Southern District of Ohio should be the site of the MDL, and the matter should be assigned to Chief Judge Algenon L. Marbley or the Hon. Edmund A Sargus.

Dated:  June 17, 2020              Respectfully submitted,

/s/ James E. Arnold
James E. Arnold       (Ohio Bar # 0037712)

ARNOLD & CLIFFORD LLP
115 W. Main St., Suite 400
Columbus, Ohio  43215-5099
Ph:  614-460-1600
Fx:  614-469-1066
Email:  jarnold@arnlaw.com

*Counsel for Plaintiffs William Bookmyer, Bookmyer & Associates CPA, Inc., Alex Boytan and Boytan & Associates, LLP*