**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE:** Paycheck Protection Program ("PPP") Agent Fees Litigation

MDL Docket No. 2950

**RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER OF ACTIONS**
**PURSUANT TO 28 U.S.C. § 1407 AND JOINDER IN RESPONSE**

Defendant Wintrust Bank, N.A. ("Wintrust"), by and though its undersigned counsel and pursuant to Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel"), hereby opposes Alliant CPA Group LLC's Motion for Transfer of Actions to the Northern District of Georgia pursuant to 28 U.S.C. § 1407 for a Coordinated and/or Consolidated Proceeding (the "Motion") [Dkt. # 1]. Wintrust is named as a party in only one of the allegedly "Related Actions" at issue,[1] which is currently pending in federal court in Illinois—where Wintrust is headquartered—and is brought by an Illinois-based plaintiff. There is no reason to enmesh Wintrust in an industry-wide Multidistrict Litigation ("MDL") in another jurisdiction with no connection to Wintrust, to the plaintiff, or to the claims at issue. Such an MDL would be inconvenient for the parties, the witnesses, and counsel.

Wintrust joins in the Response in Opposition filed by Defendant Synovus Bank and others ("Synovus Response") and the Response in Opposition filed by Defendants Regions Bank and Regions Financial Corporation ("Regions Response") [Dkt. # 150], and incorporates the Synovus Response and Regions Response as if set forth in full herein. Other than file a series of copycat class actions around the country, plaintiffs' counsel have not established that the criteria for creating an MDL have been met.

---

[1] Wintrust is a named Defendant in a case captioned *A.D. Sims, LLC v. Wintrust Financial Corporation, et al.*, No. 1:20-cv-02644 (N.D. Ill.) (Chang, J.), which was listed as a "Related Action" in the Schedule filed with the Motion. *See* Schedule of Actions [Dkt. # 1-2], p. 4. On June 4, 2020, the plaintiff in that case filed a Notice of Dismissal and voluntarily dismissed Defendant Wintrust Financial Corporation. Thus, Wintrust Financial Corporation is no longer a party to that case.

<u>**ARGUMENT**</u>

**I.     The Panel Should Allow The Original Forum Courts To Resolve The Jurisdictional And Legal Issues Through Motions Brought Under Federal Rule Of Civil Procedure 12(b).**

As explained in the Regions Response, the claims in the Agent Fee Cases are futile because neither the CARES Act nor the PPP regulations provide a private cause of action for alleged violations of the PPP.  Indeed, the only court to have considered the issue has squarely held that there is no private right of action to sue for alleged PPP violations by lenders.  *See Profiles, Inc. v. Bank of Am. Corp*., __ F. Supp. 3d __, No. SAG-20-0894, 2020 WL 1849710, at *7 (D. Md. Apr. 13, 2020)  ("The plain language of the statute does not suggest . . . a private remedy against participating SBA lenders. To the extent Congress intends to create such a private right of action, it will be able to make its intent clear, if it ultimately amends the CARES Act.").  Centralizing these cases, all of which rest on a theory for which federal law provides no private cause of action, would be a waste of resources.

Moreover, the claims are all premature and therefore fail to establish Article III standing. The PPP regulations say that any "[a]gent fees will be paid by the lender out of the fees the lender receives from the [Small Business Administration ('SBA')]."  85 Fed. Reg. 20811, 20816. Wintrust has not yet received lender fees, so any claims against Wintrust for agent fees are premature and not yet ripe.  Moreover, following receipt of the lender fees from the SBA, Wintrust fully intends to pay agent fees to those agents who have properly documented their assistance, which will moot any such claims against Wintrust.  Accordingly, as explained in the Regions Response, the Panel should decline to transfer the Agent Fee Cases and should instead allow the original forum courts to resolve the jurisdictional and legal issues on motions brought under Federal Rule of Civil Procedure ("Rule") 12(b).  *See, e.g.*, *Manual for Complex Litigation*

2

*(Fourth)* § 20.131 (2004) ("[M]otions to dismiss or remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.")

II.     **Even If Any Of The Agent Fee Cases Could Survive A Rule 12(b) Motion, The Panel Should Deny The Motion To Transfer.**

As explained in the Synovus Response and the Regions Response, the Movant cannot meet its burden of demonstrating that the Agent Fee Cases should be transferred to a single district for coordinated or consolidated pretrial proceedings.   Specifically, transfer and centralization are inappropriate because:

- The Agent Fee Cases primarily focus on common questions of law, not fact;

- Movant's request for centralization is nothing more than an attempt to centralize litigation on an industry-wide basis, which is disfavored;

- Transfer would not serve the convenience of the parties and witnesses and would not promote the just and efficient conduct of the actions; and

- If any Defendant supports centralization, the Panel can create a Defendant-specific MDL.

III.    **If The Panel Grants The Motion And Creates An Industry-Wide MDL, The Related Actions Should Be Centralized In The Northern District Of Georgia Or, In The Alternative, The Northern District Of Illinois.**

As explained in the Synovus Response, if the Panel grants the Motion—and it should not—the Related Actions should be centralized in the Northern District of Georgia before Judge Michael L. Brown.  The Northern District of Georgia would be a convenient and economical location for all parties and their counsel, the District is experienced with handling MDLs and has sufficient resources to take on a new case, and Judge Brown does not currently have any MDL proceedings on his docket.

In the alternative, the Related Actions should be centralized in the Northern District of Illinois before Judge Edmond E. Chang, who is already overseeing *A.D. Sims, LLC v. Wintrust Financial Corporation, et al.*, No. 1:20-cv-02644.  Like the Northern District of Georgia, the Northern District of Illinois is a convenient and economical location for all parties and their counsel.  *See In re African-American Slave Descendants Litig.*, 231 F .Supp. 1357, 1358 (J.P.M.L. 2002) (recognizing Northern District of Illinois as a "geographically central district" that is "a convenient location for a litigation becoming nationwide in scope").  The Panel has assigned numerous MDLs to the Northern District of Illinois, and its efficient handling of these cases reflect the District's capable staff and history of successfully managing MDLs.  The District has handled 105 MDLs, with 10 currently assigned.[2]  Despite not previously presiding over an MDL, Judge Chang has the experience to guide these cases, having been on the bench since 2010, and before that, having a distinguished career as an Assistant U.S. Attorney in Chicago.

## CONCLUSION

For the reasons stated above, and in the Synovus Response and the Regions Response, which are joined and incorporated herein by reference, Wintrust respectfully requests that the Panel deny the Motion.  If the Panel grants the Motion and creates an industry-wide MDL, Wintrust respectfully requests that the Related Actions be centralized in the Northern District of Georgia before Judge Michael L. Brown or, in the alternative, in the Northern District of Illinois before Judge Edmond E. Chang.

---

[2] *See* U.S. Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District (available at https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2020.pdf), p. 2 (showing 10 pending MDLs in the Northern District of Illinois); U.S. Judicial Panel on Multidistrict Litigation, Multidistrict Litigation Termination Through September 30, 2019 (available at https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2019.pdf) (showing 95 previously terminated MDLs).

Dated: June 17, 2020                By: */s/ Thomas V. Panoff*

Thomas V. Panoff
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-7463
Telephone:  (312) 782-0600
tpanoff@mayerbrown.com

*Counsel for Defendant Wintrust Bank, N.A.*