BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE:** Paycheck Protection Program ("PPP") Agent Fees Litigation | MDL Docket No. 2950 |

**RESPONSE OF DEFENDANT SQUARE CAPITAL, LLC IN OPPOSITION TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, defendant Square Capital, LLC (Square Capital), incorrectly sued as Square, Inc., one of the defendants in *Brunner Accounting Group v. SVB Financial Group*, No. 2:20-cv-04235-GW-E (C.D. Cal.) (the "*Brunner* Action") submits this response in opposition to Alliant CPA Group LLC's Motion for Transfer of Actions to the Northern District of Georgia pursuant to 28 U.S.C. § 1407 for a Coordinated and/or Consolidated Proceeding (the "Motion").

To avoid duplicative filings, Square Capital hereby joins in the opposition brief filed by Synovus Bank (Docket No. [171]), filed June 17, 2020.

Square Capital possesses two additional defenses on the merits that make centralizing the *Brunner* Action inappropriate.

*First*, neither the named defendant (Square, Inc.) nor Square Capital originated any loans under the Paycheck Protection Program ("PPP"). Rather, Square Capital facilitated loans on behalf of a bank partner which originated loans. Indeed, unlike other defendants who joined the opposition brief filed by Synovus Bank, Square Capital is not a bank or financial institution. Plaintiffs' uniform theory is that lenders are the entities obligated to pay agent fees. Square Capital's status as an agent, and not as an originating PPP lender to any borrower, provides a

unique defense that makes centralization particularly inappropriate here.[1]  *See Brunner* Action, Complaint, ¶ 28 (alleging that SBA pays any fees to the lender); and ¶ 30 (alleging that it is the "*lender* [that] will pay the agent.").

*Second*, Square Capital will be asserting that Brunner's claims are subject to arbitration on an individual basis pursuant to an express arbitration provision governing the loan transaction. *See In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1379 (J.P.M.L. 2012) (denying centralization because, in part, "one of the actions is being arbitrated and others could proceed to arbitration").  Square Capital has duly made an arbitration demand (attached as Exhibit A) and intends to move to compel arbitration if the plaintiff declines to dismiss.  As this arbitration proceeding will result in the stay or dismissal of the action as to Square Capital, this Court should, at a minimum, deny transfer of the *Brunner* action for this reason as well.  *See, e.g., In re The Boeing Company Emp't Practices Litig.*, 293 F. Supp. 2d 1382, 1383 (J.P.M.L. 2003) (denying transfer motion based on Panel's conclusion that anticipated dispositive motion may resolve underlying action).  In short, since individual arbitration will likely be compelled for the claims against Square Capital in the *Brunner* Action, the purported advantages to centralization — reducing duplicative discovery and motion practice — are unavailing and simply will not materialize.

---

[1] The Small Business Administration's list of lenders who originated PPP loans as of June 1, 2020 may be found at:  https://www.sba.gov/sites/default/files/2020-06/PPP_Lender_List_200601-508.pdf (last accessed June 16, 2020).

Accordingly, and based on the various reasons and authorities more fully set forth in the Synovus Opposition, Square Capital respectfully requests that the Panel deny the Motion.

Dated:  June 17, 2020					Respectfully submitted,

					**SQUARE CAPITAL, LLC**

					By:	/s/ Richard E. Gottlieb
						Richard E. Gottlieb
						MANATT, PHELPS & PHILLIPS, LLP
						151 North Franklin Street, Suite 2600
						Chicago, IL 60606
						Telephone: (312) 529-6300
						Email: rgottlieb@manatt.com