**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

IN RE PAYCHECK PROTECTION
PROGRAM (PPP) AGENT FEES

MDL No. 2950

ORAL ARGUMENT REQUESTED

---

**BANK OF AMERICA CORPORATION'S AND BANK OF AMERICA, N.A.'S
RESPONSE TO ALLIANT CPA GROUP LLC'S MOTION FOR TRANSFER OF
ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

---

Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Ph:     (202) 434-5000
Fax:    (202) 434-5029
emainigi@wc.com

*Counsel for Bank of America Corporation
       and Bank of America, N.A.*

Bank of America Corporation and Bank of America, N.A. (collectively, "BofA") opposes the Motion for Transfer and Coordination and/or Consolidation for the reasons stated in Synovus Bank's Response in Opposition to Motion for Transfer of Actions ("Synovus's Response").  As one of the few lenders named in a large number of actions (8 of the 31 tagged lawsuits), BofA writes separately to emphasize three points:  *First*, at this time, BofA opposes any consolidation, because consolidation is unnecessary and would not promote convenience or efficiency.  *Second*, if the Panel decides to consolidate any claims, lender-specific consolidation is far preferable to an industry-wide MDL.  *Third*, in the event of any consolidation, BofA requests that a BofA-specific MDL should be transferred to Judge Stephanie A. Gallagher in the District of Maryland (who is overseeing the first-filed PPP-related case against BofA) or Judge Michael L. Brown in the Northern District of Georgia.  In the event that there is industry-wide consolidation, BofA agrees with Synovus that any industry-wide MDL should be transferred to Judge Brown.

1.      BofA adopts and endorses Synovus's Response, which explains why Plaintiff's proposed industry-wide MDL is unnecessary.  For the same reasons the Panel is "typically hesitant to centralize litigation on an industry-wide basis," *In re AndroGel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378, 1379 (J.P.M.L. 2014), the proposed MDL would not promote the convenience and efficiency goals of Section 1407.  Formal consolidation is also unnecessary, whether industry-wide or on a lender-specific basis, because the same plaintiffs' counsel filed most of the subject cases, and the parties can cooperate to reduce duplication through informal coordination. *See, e.g.*, *In re: [24]7.AI, Inc., Customer Data Sec. Breach Litig.*, 338 F. Supp. 3d 1345, 1346 (U.S. Jud. Pan. Mult. Lit. 2018) (declining to transfer cases despite "little dispute that these actions share factual questions" because there were only four actions at issue and informal coordination was a superior mechanism).

1

2.      If, however, the Panel decides that some form of consolidation is appropriate in these cases, BofA believes that lender-specific MDLs are preferable to an industry-wide MDL. As a lender sued in numerous separate cases subject to this Motion, BofA is similarly situated to JPMorgan Chase, which has requested lender-specific consolidation.  Should the Panel order a Chase-specific MDL, therefore, BofA respectfully requests the Panel also create a similar BofA-specific MDL for the agent-fee claims brought against BofA.[1]

3.      In the event that the Panel consolidates the claims against BofA in a lender-specific MDL, it should transfer those claims to Judge Stephanie Gallagher in the District of Maryland.  Judge Gallagher is overseeing the first-filed case requiring interpretation of the CARES Act, a challenge to BofA's PPP eligibility requirements under the Act and its implementing regulation.  *Profiles, Inc. et al. v. Bank of America Corp. et al.*, No. 20-894 (D. Md., filed April 3, 2020).  Judge Gallagher dealt expeditiously with an application for a temporary restraining order and preliminary injunction in that matter, and it is clear that she could efficiently steer an MDL that may require further analysis of the same statute.  The District of Maryland only has two MDLs pending, neither of which is before Judge Gallagher.  The District of Maryland, particularly the Baltimore Division in which Judge Gallagher sits, is convenient for business travel, given its proximity to three large airports and to train service.  To the extent that the Panel believes questions of fact regarding BofA's behavior will predominate in this litigation, the District of Maryland is convenient to BofA's Charlotte headquarters.  In the

---

[1] BofA opposes any consolidation of the agent fee cases that are subject to this Motion with other cases alleging different types of claims concerning PPP loans.  Plaintiffs in certain other PPP-related actions that do *not* concern agent fees have moved to consolidate such actions.  *See In re JPMorgan Chase Paycheck Protection Plan Litigation*, MDL No. 2944; *In re Bank of America Paycheck Protection Plan Litigation*, MDL No. 2952; *In re Wells Fargo Paycheck Protection Plan Litigation*, MDL No. 2954.  Those cases do not involve a common set of facts or common questions of law with the agent fee cases at issue here.

alternative, a BofA-specific MDL should be consolidated in the Northern District of Georgia for the reasons stated in Synovus's Response.

In the event the Panel grants an industry-wide MDL, BofA agrees with the Synovus and Chase responses that the Northern District of Georgia is the most suitable forum for the MDL.

BofA agrees with Chase that the Panel should *not* consolidate these cases in either the District of Arizona or the Southern District of New York.

\* \* \* \* \*

For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

By: /s/ Enu Mainigi
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
*Attorney for Bank of America, N.A. and*
*Bank of America Corporation*